CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



March 4, 2019

Stephen Shea, Esq.
801Roeder Road, Suite 550
Silver Spring, MD 20910

Cassia W. Parson, Esq.
Special Assistant United States Attorney
Social Security Administration, Ofc. Of
General Counsel
6401 Security Blvd., Room 617
Baltimore, MD 21235

Subject: *Kimberley B. v. Comm'r of Soc. Sec.*[1]
Civil No.: 1:17-cv-2913-GLS

Dear Counsel:

Pending before this Court are cross-motions for summary judgment (ECF Nos. 13, 14). The Court must uphold the Social Security Administration ("SSA" or "the Agency")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Chater*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. L.R. 105.6. For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration.

Plaintiff filed a claim for Disability Insurance Benefits ("DIB") on September 27, 2013, alleging an onset of disability on April 1, 1996.[2] (Tr. 26). Plaintiff's application was denied initially (December 6, 2013), and upon reconsideration (June 4, 2015), by the SSA. (Tr. 92- 98). On July 31, 2014, Plaintiff requested a hearing, which was conducted on March 17, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 43). On April 21, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act during the

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] In June 2003, Plaintiff filed claims for DIB and Supplemental Security Income, which were denied. The ALJ in the present case found Plaintiff's prior claims subject to *res judicata* and dismissed the instant hearing request as it related to a period before July 22, 2003. In addition, DIB regulations require an individual to be insured with sufficient quarters of coverage. (Tr. 28). Plaintiff was last insured on June 30, 2005. Therefore, the ALJ needed to find Plaintiff disabled before that date to receive DIB. (*Id.*).

relevant time frame. (Tr. 26-39). The Appeals Council denied Plaintiff's request for review on August 8, 2017, making the ALJ's decision the final reviewable decision of the Agency. (Tr.1-6).

On appeal to this Court, Plaintiff advances two arguments. First, that the ALJ failed to set forth a sufficient narrative that outlined how the evidence supported her assessment of Plaintiff's residual functional capacity ("RFC"). (ECF No. 13-1, pp. 6-8). Second, that the ALJ did not properly evaluate Plaintiff's subjective complaints. (ECF No. 13-1, pp. 8-10). Defendant counters that the ALJ's RFC analysis and assessment of Plaintiff's complaints are supported by substantial evidence. (ECF No. 14, pp 6-18).

## I. ANALYSIS TO BE PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin,* 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant had engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's RFC, i.e., the most the claimant could do despite their limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware', including those not labeled severe at step two." *Mascio,* 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that they are disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled. *Id*. at 180.

*Kimberley B. v. Comm'r of Soc. Sec.*
GLS-17-2913
March 4, 2019

**II. DISCUSSION**

    A. <u>NARRATIVE DISCUSSION OF RFC FINDINGS</u>

    Plaintiff contends that the ALJ erred in performing the function-by-function assessment because she failed to "set forth a narrative discussion setting forth how the evidence supported each conclusion citing to specific medical facts and nonmedical evidence." (ECF No. 13-1, p. 6).

    When assessing a claimant's RFC, the law requires an ALJ to consider all of the claimant's medically determinable impairments, including any medically determinable impairments that are not "severe." 20 C.F.R. § 416.925(a)(2). The ALJ considers any inconsistencies in the evidence and the extent to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). An ALJ will determine if a claimant's symptoms will diminish his or her capacity for basic work activities, subject to them being consistent with the objective medical evidence and other evidence. *Id.* An ALJ's RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (July 2, 1996). The Fourth Circuit has recently held that a "proper RFC analysis has three components: (1) evidence; (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation is just as important as the other two." *Thomas v. Berryhill*, ___ F.3d___, 2019 WL 193948 at *3 (4th Cir. Feb. 22, 2019). *See also Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017)(ALJ should build "an accurate and logical bridge from the evidence to his conclusion").

    Here, the ALJ found that Plaintiff suffered from the following severe impairments: bipolar disorder, attention deficit hyperactivity disorder (ADHD), alcohol and cocaine dependence, and post-traumatic stress disorder. (Tr. 29). Recognizing those impairments, the ALJ determined that Plaintiff had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional (sic) limitations. She was unable to engage in complex tasks, but she could perform simple, routine and repetitive tasks consistent with unskilled work and was able to sustain and attend to task (sic) throughout the eight-hour workday. She was limited to low stress work defined as having only occasional decision making required and only occasional changes in the work setting. She was limited to work with no production rate or pace work; and could tolerate predicable changes in the work environment, make simple work related (sic) decisions and sustain a flexible and goal-oriented pace. . . .

(Tr. 31). At the hearing before the ALJ, a vocational expert ("VE") testified about whether a hypothetical person with the same limitations as Plaintiff could perform Plaintiff's prior work (Tr. 60-61). The VE said that the hypothetical person could not do so, but could perform other work under certain conditions, including "predictable changes in the work environment," a limitation of "simple work-related decisions," and a limitation of "work with no production rate or pace" while also sustaining a "flexible goal-oriented pace." (Tr. 61).

Urging against remand, the SSA contends that the ALJ "fully discussed the evidence of record. . . and clearly articulated her analysis of the record." (ECF No. 14-1, p. 6). I find that the ALJ clearly did review Plaintiff's existing medical documentation, because she spent several pages of her RFC analysis citing to that evidence. (Tr. 32-35). For instance, the ALJ opined that the records established that the onset date of Plaintiff's mental health impairments was February 2003 and not April 1996, because the Plaintiff was not diagnosed and did not undergo mental health treatment until 2003. (Tr. 35). The ALJ apparently credited these records over the state agency medical examiners' findings of no mental impairments on the date last insured. (Tr. 35). In addition, the ALJ concluded that the records established that Plaintiff saw a treating psychologist between 2012-2015, yet the ALJ gave his opinion of "depressed mood and manic syndrome" little weight, as that doctor did not begin treating Plaintiff until more than 5 years after the date last insured. (*Id.*). The ALJ further found that Plaintiff had a history of alcohol and substance abuse, which roughly spanned the period of 2001-2015, i.e., during a time when her mental health treatment professionals told Plaintiff to stop using these substances. Ultimately, the ALJ found that Plaintiff's mental impairments "were managed with treatment." (Tr. 35). The ALJ's RFC narrative also describes Plaintiff's physical impairments and refers to Plaintiff's ability to work in 2001 (Tr. 33).

I do note that the ALJ posed a hypothetical to the VE that seemed to take into account her RFC assessment of Plaintiff. (Tr. 61). However, what remains unclear is how the ALJ's interpretation of Plaintiff's mental impairments led her to determine Plaintiff's RFC. Put another way, the ALJ did not adequately explain which evidence she weighed and how she weighed it. For example, which evidence led the ALJ to find that Plaintiff could sustain and attend to tasks during an 8-hour period? The narrative lacks any explanation as to why or how the ALJ determined that Plaintiff had the ability to work during an 8-hour period. Which evidence led the ALJ to find that only jobs with occasional decision-making are appropriate? What led the ALJ to find that Plaintiff could make "simple work-related decisions?" I am unclear on the logical bridge between the evidence and the RFC findings. In *Thomas*, *supra*, the Fourth Circuit emphasized the necessity of a logical explanation from the ALJ: "our precedent makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." 2019 WL 193948 at *3. *See also Mascio,* 780 F.3d at 636 (where other inadequacies in the ALJ's analysis frustrate meaningful review, "remand may be appropriate").

Moreover, the ALJ does not explain certain terminology used—what does "no production rate or pace work" mean? For example, what does "goal-oriented pace" mean? Similarly, the ALJ does not reconcile seemingly inconsistent findings: how is Plaintiff limited to "no production rate or pace work," yet also able to "sustain a flexible and goal-oriented pace?" Absent clarification, I cannot determine whether the pace and production limitations are consistent with a "goal-oriented pace" requirement, nor can I understand how Plaintiff can "sustain and attend to task (sic)" during an 8-hour day, given her limitations. *Compare Thomas*, *supra*, 2019 WL 193948 at *3-4 (remand necessary where ALJ did not explain "no work requiring a production rate or demand pace)."

In sum, because I am unable to ascertain how the ALJ arrived at the RFC assessment, remand is necessary. On remand, the ALJ should provide a clearer narrative discussion that explains how the evidence supports her conclusions, ensuring that there is an accurate and logical bridge from the evidence to any conclusion made.

*Kimberley B. v. Comm'r of Soc. Sec.*
GLS-17-2913
March 4, 2019

B. <u>HARMLESS ERROR</u>

In urging against remand, the Agency contends that "absent any evidence that the claimant actually has some work-related functional limitation that the ALJ did not account for," any error in the RFC is harmless. (ECF No. 14-1, at 7). For an error to be harmless, it must not have prejudiced the claimant. *Wright v. Comm'r, Soc. Sec. Admin.*, No. JMC-13-3839, 2014 WL 7357447, at *2 (D. Md. Dec. 22, 2014). Thus, an error will prejudice a claimant if, absent the error, there is a realistic possibility that the ALJ would have reached a different conclusion. *Id*. *See e.g., Thompson v. Colvin*, No. TMD-13-3450, 2015 WL 1393562, at *8 (D. Md. Mar. 24, 2015). "[R]eversal is not required when the alleged error 'clearly had no bearing on the procedure used or the substance of the decision to be reached.'" *Thompson*, 2015 WL 1393562, at *8 (quoting *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n. 8 (4th Cir. 2004)).

I find that the Agency's argument is unavailing. As stated previously, the ALJ only briefly cited to Plaintiff's prior work history (Tr. 33-34). However, the ALJ did not explain, for example, what is was about that history led her to limit Plaintiff to "low-stress work" with "occasional decisionmaking." In short, the narrative does not describe how the ALJ decided which facts logically supported the RFC limitations that the ALJ fashioned. I find that the RFC assessment lacks the analysis required of the ALJ, as proscribed by SSR 96-8p. As here, because the error may change the substance of the decision, it is appropriate to remand the matter for further explanation. On remand, the ALJ should not only include the significant limitations added, but also provide a proper narrative discussion that builds an accurate and logical bridge between the evidence and the limitations included in the RFC.

C. <u>EVALUATION OF PLAINTIFF'S SUBJECTIVE COMPLAINTS</u>

Plaintiff also asserts that the ALJ's finding that she was not credible lacks substantial evidentiary support. (ECF No. 13-1, pp. 9-10). Because the case is being remanded on other grounds, I need not address this argument. On remand, the ALJ should review her analysis of Plaintiff's subjective complaints and her ability to perform daily activities to determine if there are any deficiencies in her assessment that must be addressed.

**III. CONCLUSION**

In remanding for additional analysis, I express no opinion as to whether the ALJ's finding that Plaintiff is not entitled to benefits is correct.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 13), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 14), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

5

*Kimberley B. v. Comm'r of Soc. Sec.*
GLS-17-2913
March 4, 2019

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                                  Sincerely,

                                             /s/
                                     The Honorable Gina L. Simms
                                     United States Magistrate Judge